UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BERNARD PITTERMAN, ADMINISTRATOR OF THE ESTATE OF MARGARET ROSE O'CONNOR, BERNARD PITTERMAN, GUARDIAN OF THE ESTATE OF GRANT O'CONNOR, ROSE O'CONNOR and JAMES O'CONNOR | : : : : : : : | CASE No.: |
| v. | : : | |
| GENERAL MOTORS LLC | : | JULY 2, 2014 |

## NOTICE OF REMOVAL

TO:   The United States District Court for the District of Connecticut:

Pursuant to 28 U.S.C. §1441 and 1446, the Defendant General Motors LLC, files this Notice of Removal of this action from the Superior Court, Judicial District of Danbury, to the United States District Court for the District of Connecticut, and in support thereof, would respectfully show:

1.   General Motors LLC is a Defendant in a civil action brought in the Superior Court, Judicial District of Danbury, Connecticut, styled "BERNARD PITTERMAN, ADMINISTRATOR, etc., vs. GENERAL MOTORS LLC (File No.: DBD-CV14-6015418-S) (hereafter called "State Court Action").  The Writ, Summons and Complaint were served upon the authorized agent of service for General Motors LLC, CSC Corporation Service Company, on or about June 5, 2014.  Therefore, this Notice of Removal is filed within 30 days of the date the Summons and Complaint were served on Defendant.  In compliance with 28 U.S.C. §1446(a), a true and correct copy of the process and pleadings received by the Defendant to date are attached hereto as Exhibit A, save and

except for personal identifiers contained in the original Summons and Complaint which General Motors LLC has redacted pursuant to Fed.R.Civ.P. 5.2(a).

2. The State Court Action was returnable in the Superior Court for the Judicial District of Danbury on July 1, 2014. General Motors LLC has neither served nor filed an Answer in the State Court Action. Other than the Summons and Complaint, no other pleadings have been filed in the State Court Action.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the amount in controversy as alleged in the Summons and Complaint, upon information and belief, exceeds $75,000, as the Complaint asserts claims for damages due to the death of M.R.O., a minor, expenses due to "medical bills," diminished earning capacity of Plaintiff G.O., "serious, severe and devastating mental and emotional injury and distress," "punitive damages," and a loss of society, support, services, and companionship due to the death of M.R.O., and the parties are citizens of different states.

4. Plaintiffs are citizens of the State of Connecticut. Defendant General Motors LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. The sole member of General Motors LLC is General Motors Holding LLC, a Delaware limited liability company, with its principal place of business in the State of Michigan. The sole member of General Motors Holding LLC is General Motors Company, organized under the laws of the State of Delaware with its principal place of business in the State of Michigan.

5. Venue lies in the United States District Court for the District of Connecticut under 28 U.S.C. § 1441(a) because it embraces the place where the State Court Action is pending.

6. Defendant General Motors LLC is filing a copy of this Notice of Removal with the Commissioner of the Superior Court in and for the Judicial District of Danbury and serving a copy on Plaintiffs as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant General Motors LLC removes the instant action to this Court for all future proceedings.

DEFENDANT,
GENERAL MOTORS, LLC

By */s/ Mark J. Claflin*
Mark J. Claflin, (ct06218)
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1121
(860) 249-1361
(860) 249-7665 (Fax)
Juris No.:  28228
Email:  mclaflin@hl-law.com

and

Kent B. Hanson (*pro hac vice* to be filed)
Paul E. D. Darsow (*pro hac vice* to be filed)
HANSON BOLKCOM LAW GROUP, LTD.
527 Marquette Avenue, Suite 2300
Minneapolis, MN 55402
Tel: 612.342.2880;  Fax: 612.642.2899
Email: khanson@hblawgroup.com
Email: paul.darsow@hblawgroup.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing **Notice of Removal** was filed electronically to the following counsel of record this 2nd day of July, 2014.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Robert B. Adelman, Esquire
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport CT 06604

                                                                */s/  Mark J. Claflin*
                                                                Mark J. Claflin

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 10-09<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | See page 2 for instructions |
|---|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.<br>☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.<br>☐ "X" if claiming other relief in addition to or in lieu of money or damages. | | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350)<br>146 White Street, Danbury, CT 06810 | Telephone number of clerk (with area code)<br>( 203 ) 207-8600 | Return Date (Must be a Tuesday)<br>July     1, 2014 |
|---|---|---|
| ☒ Judicial District    G.A.<br>☐ Housing Session   ☐ Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>Danbury | Case type code (See list on page 2)<br>Major: V    Minor: 06 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Robert B. Adelman, Esquire; AH&C, LLP, 1000 Lafayette Boulevard, Bridgeport, CT 06604 | Juris number (to be entered by attorney only)<br>100289 |
|---|---|
| Telephone number (with area code)<br>( 203 ) 331-8888 | Signature of Plaintiff (If self-represented) | |

| Number of Plaintiffs: 4 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name:<br>Address: Pitterman, Bernard; Administrator of the Estate of Margaret Rose O'Connor;<br>153 White Street, Danbury, CT 06810 | P-01 |
| Additional Plaintiff | Name:<br>Address: Pitterman, Bernard; Guardian of the Estate of Grant O'Connor;<br>153 White Street, Danbury, CT 06810 | P-02 |
| First Defendant | Name:<br>Address: General Motors LLC; 300 Renaissance Center, MC:482-C14-C66, Detroit, MI, 48265 - Please serve Agent for Service: Corporation Service Company, 50 Weston Street, Hartford, CT, 06120-1537 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box)<br>/s/ Robert B. Adelman | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Robert B. Adelman | Date signed<br>06/04/2014 |
|---|---|---|---|
| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | | For Court Use Only<br>File Date |
| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | | Date<br>========== |
| Name and address of person recognized to prosecute in the amount of $250<br>Edna E. Cruz, Adelman Hirsch & Connors, LLP, 1000 Lafayette Boulevard, Bridgeport, CT 06604 | | | |
| Signed (Official taking recognizance; "X" proper box)<br>/s/ Robert B. Adelman | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>06/04/2014 | Docket Number |

(Page 1 of 2)

# CIVIL SUMMONS
## CONTINUATION OF PARTIES
JD-CV-2   Rev. 9-12

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

First named Plaintiff (Last, First, Middle Initial)
Pitterman, Bernard, Administrator of the Estate of Margaret Rose O'Connor, et al.

First named Defendant (Last, First, Middle Initial)
**GENERAL MOTORS LLC**

## Additional Plaintiffs

| Name (Last, First, Middle Initial, if individual) | Address (Number, Street, Town and Zip Code) | CODE |
|---|---|---|
| O'Connor, Rose; 8 Windwood Road, Brookfield, CT 06804-3233 | | 03 |
| O'Connor, James; 8 Windwood Road, Brookfield, CT 06804-3233 | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name (Last, First, Middle Initial, if individual) | Address (Number, Street, Town and Zip Code) | CODE |
|---|---|---|
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | 12 | FOR COURT USE ONLY - File Date |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

| | | |
|---|---|---|
| RETURN DATE:  JULY 1, 2014 | : | SUPERIOR COURT |
| BERNARD PITTERMAN, ADMINISTRATOR<br>OF THE ESTATE OF MARGARET ROSE O'CONNOR;<br>BERNARD PITTERMAN, GUARDIAN OF THE<br>ESTATE OF GRANT O'CONNOR;<br>ROSE O'CONNOR and JAMES O'CONNOR | :<br><br>:<br><br>: | <br><br>J. D. OF DANBURY |
| V. | : | AT DANBURY |
| GENERAL MOTORS LLC | : | JUNE 4, 2014 |

<b>COMPLAINT</b>

<u>COUNT ONE</u>  (Estate of Margaret O'Connor)

  1. On July 13, 2011, Margaret Rose O'Connor died intestate a resident of the Town of Brookfield, Connecticut. The Probate Court for the Housatonic Probate District appointed Bernard Pitterman, Esq., as the Administrator of the Estate of Margaret Rose O'Connor who brings the cause of action alleged herein in his capacity as Administrator of the Estate of Margaret Rose O'Connor and on behalf of said Estate.

  2. Defendant General Motors LLC ("GM") is a Delaware limited liability company.

  3. GM is the successor corporation to General Motors Corporation ("GMC") which underwent bankruptcy in 2009.

  4. Through that bankruptcy and asset sale from GMC to GM, GM assumed the liabilities of GMC for cases such as this one.

  5. At all times relevant herein, GMC was a corporation engaged in the business of

designing, manufacturing and selling motor vehicles.

6. On Wednesday, July 13, 2011, at approximately 4 p.m., Margaret O'Connor ("Maggie"), then 8 years old, was inside a 2004 Chevrolet Suburban ("the Suburban") that was parked in the driveway of the O'Connor home located at 8 Windwood Road, Brookfield, Connecticut.

7. The ignition of the Suburban was in the Accessory ("ACC") position and the transmission shifted from Park to Neutral.

8. As a result of the movement of the transmission from Park to Neutral, the Suburban began rolling backwards from its parked position. It rolled down the O'Connors' front lawn into a wooded area and crashed into trees.

9. During the time that the Suburban was rolling out of control into the trees, Maggie experienced extreme mental and emotional suffering, including fear and apprehension of death.

10. During the crash, Maggie sustained the following physical injuries:

    a. lacerations to the face and head;

    b. fractures of the skull and facial bones, including the mandible and maxilla, resulting in the loss and destruction of brain tissue;

    c. contusions and abrasions around the left eye, the left lateral cheek/temporal area, and the left lower cheek;

    d. abrasions on the front of the neck, the chest, both upper arms and the right dorsal forearm;

    e.  a five inch laceration on the right upper arm;

    f.  abrasions of the left and right upper thighs and abrasions of the left and right calves; and

    g.  fractures of the left and right femurs.

 11. As a result of these injuries, Margaret O'Connor experienced severe physical pain and suffering.

 12. As a result of this crash, Margaret O'Connor died.

 13. As a result of this crash, Margaret O'Connor's ability to carry on and enjoy life's activities was destroyed.

 14. As a result of this crash, Margaret O'Connor's earning capacity was destroyed.

 15. The 2004 Chevrolet Suburban occupied by Margaret O'Connor on July 13, 2011 was designed by GMC.

 16. The 2004 Chevrolet Suburban occupied by Margaret O'Connor on July 13, 2011 was manufactured by GMC.

 17. The 2004 Chevrolet Suburban occupied by Margaret O'Connor on July 13, 2011 was sold by GMC.

 18. GMC was the product seller of the subject Suburban within the terms of Conn. Gen. Stat. § 52-572m(a).

 19. This product liability action is brought pursuant to Conn. Gen. Stat. § 52-572m, et.

3

*seq.*

20. The Suburban involved in the crash which gives rise to this action was in a defective condition in that:

    a. the automatic transmission could be moved from Park to Neutral when the ignition switch was in the ACC position, without depressing the brake, thereby allowing the vehicle to roll from a parked position;

    b. the brake transmission shift interlock device installed on the Suburban did not function when the ignition was in the ACC position,

    c. there were insufficient and inadequate instructions or warnings that the brake transmission shift interlock installed on the Suburban did not function with the ignition in the ACC position. Conn. Gen. Stat. § 52-572q.

21. The design of the brake transmission shift interlock described above existed at the time the 2004 Suburban left GMC's possession.

22. The 2004 Suburban was expected to reach the user without substantial change in the condition of the brake transmission shift interlock.

23. The 2004 Suburban did reach the user without substantial change in condition of the brake transmission shift interlock.

24. The defects described above caused the injuries and death described above.

25. On or about May 25, 2006, GMC issued a Technical Service Bulletin in which it

acknowledged that the ordinary owner may expect the brake transmission shift interlock to function when the key is in the ACC position.

26. Despite this knowledge, and the knowledge of numerous "rollaway" incidents caused by the defects described herein in which numerous people, especially children, were catastrophically injured or killed, GMC and the Defendant took no steps to directly notify and/or warn owners or the public of these defects.

27. Despite this knowledge, and the knowledge of numerous "rollaway" incidents, caused by the defects described herein in which numerous people, especially children, were catastrophically injured or killed, GMC and the defendant took no steps to recall the Suburban.

28. The crash, and the resulting damages as alleged herein, were caused by GMC and the Defendant's reckless disregard for the safety of product users, consumers or others, in that GMC and the defendant knew or reasonably should have known that the Suburban was unreasonably dangerous, had caused and would cause numerous catastrophic injuries and deaths. <u>Conn. Gen. Stat. § 52-240b</u>.

**COUNT TWO (GRANT O'CONNOR)**

1. On June 13, 2012, the Probate Court for the Housatonic Probate District appointed Bernard Pitterman, Esq., Guardian of the Estate of Grant O'Connor, a Minor. Bernard Pitterman, Esq. brings the cause of action alleged herein in his capacity a Guardian of the Estate of Grant O'Connor and on behalf of Grant O'Connor.

5

    2 - 28.    Paragraphs 2 through 28 of the First Count are hereby realleged as Paragraphs 2 through 28 of the Second Count.

    29.    Grant O'Connor, who was Maggie's brother and then 7 years old, witnessed the Suburban, with his sister Margaret inside, roll into the wooded area and crash into the trees, saw his sister killed and saw her body immediately after the crash.

    30.    As a result of witnessing the crash and seeing his sister afterwards, Grant O'Connor sustained serious, severe and devastating mental and emotional injury and distress.

    31.    As a result of his injuries, Grant O'Connor has incurred and will incur medical bills.

    32.    As a result of his injuries, Grant O'Connor's earning capacity has been diminished.

## COUNT THREE  (ROSE O'CONNOR)

    1.    Rose O'Connor is an individual who resides at 8 Windwood Road, Brookfield, Connecticut, and is the mother of Margaret O'Connor and Grant O'Connor.

    2 - 28.    Paragraphs 2 through 28 of the First Count are hereby realleged as Paragraphs 2 through 28 of the Third Count.

    29.    Rose O'Connor came upon the crash within minutes after it occurred.  She saw the Suburban and her daughter's body lying in the wooded area before any material change had occurred with respect to the location and condition of Maggie's body.

    30.    As a result of witnessing the condition of Maggie's body, and the surrounding area including the crushed Suburban, Rose O'Connor sustained serious, severe and devastating mental and

emotional injury and distress.

31.　As a result of her injuries, Rose O'Connor has incurred and will incur medical bills.

**COUNT FOUR  (Rose O'Connor - Parental Consortium)**

1 -31.　Paragraphs 1 through 31 of the Third Count are hereby realleged as Paragraphs 1 through 31 of the Fourth Count.

32.　As a result of the death of her daughter Maggie, Rose O'Connor has suffered the loss of her society, affection, and companionship.

**COUNT FIVE  (James O'Connor - Parental Consortium)**

1. - 28.　Paragraphs 1 through 28 of the First Count are hereby realleged as Paragraphs 1 through 28 of the Fifth Count.

29.　As a result of the death of his daughter Maggie, James O'Connor has suffered the loss of her society, affection, and companionship.

**COUNT SIX  (James O'Connor - Spousal Consortium)**

1 - 31.　Paragraphs 1 through 31 of the Third Count are hereby realleged as Paragraphs 1 through 31 of the Sixth Count.

32.　As a result of the injuries to his wife, Rose, James O'Connor has suffered the loss of her society, affection, support, services, and companionship.

7

THE PLAINTIFFS,

BY: _____
Robert B. Adelman, Esquire
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport, CT 06604
(203)331-8888; Firm Juris #416503

| | | |
|---|---|---|
| RETURN DATE: JULY 1, 2014 | : | SUPERIOR COURT |
| BERNARD PITTERMAN, ADMINISTRATOR<br>OF THE ESTATE OF MARGARET ROSE O'CONNOR;<br>BERNARD PITTERMAN, GUARDIAN OF THE<br>ESTATE OF GRANT O'CONNOR;<br>ROSE O'CONNOR and JAMES O'CONNOR | :<br><br>:<br><br>: | <br><br>J. D. OF DANBURY |
| V. | : | AT DANBURY |
| GENERAL MOTORS LLC | : | JUNE 4, 2014 |

## STATEMENT RE AMOUNT IN DEMAND

WHEREFORE, the Plaintiffs claim:

1. Monetary damages in excess of $15,000;

2. Punitive damages in accordance with Conn. Gen. Stat. § 52-240b; and

3. Attorney's fees in accordance with § 52-240a.

THE PLAINTIFFS,

BY: _____
Robert B. Adelman, Esquire
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport, CT 06604
(203)331-8888; Firm Juris #416503

9

STATE OF CONNECTICUT }
                     } SS: HARTFORD,    JUNE 5, 2014
COUNTY OF HARTFORD  }

Then and by virtue hereof on the 5th day of June, 2014, I made due and legal service on the within named Defendant, **GENERAL MOTORS LLC,** by leaving a verified true and attested copy of the within original **Writ, Summons, Complaint and Statement Of Amount In Demand,** with and in the hands of Priscilla Rua, Special Assistant for Corporation Service Company, Agent For Service for said Defendant, at 50 Weston Street, in the City of Hartford.

Afterwards on the 5th day of June, 2014 and by the direction of the plaintiff's attorney, I deposited in the Post Office in Hartford, postage paid and certified, return receipt requested, a verified true and attested copy of the within original **Writ, Summons, Complaint and Statement Of Amount In Demand**, with my doings thereon endorsed, addressed to the within named Defendant, **General Motors LLC,** 300 Renaissance Center, MC:482-C14-C66, Detroit, MI 48265.

SUPPLEMENTAL RETURN TO FOLLOW

The within is the original, **Writ, Summons, Complaint and Statement Of Amount In Demand,** with my doings hereon endorsed.

FEES:                          ATTEST:

Pages          $ 22.00
Endorsements     2.80          ROLAND E. MAILLOUX
Service         60.00          STATE MARSHAL
Travel           5.00          HARTFORD COUNTY
Postage          6.70

Total          $ 96.40