UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


| | | |
|---|---|---|
| BERNARD PITTERMAN, et al., | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:14-CV-00967 (JCH) |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS LLC, | : | MAY 16, 2016 |
| Defendant. | : | |


**RULING RE: MOTION TO PRECLUDE EXPERT TESTIMONY OF GARY M. CRAKES, PH.D (DOC. NO. 67); MOTION TO STRIKE OR LIMIT PLAINTIFFS' EXPERT TESTIMONY (DOC. NO. 70)**

**I.     INTRODUCTION**

This case arises out of events that occurred on July 13, 2011, when M.R.O, an 8-year-old child, died in connection with an automobile accident involving a 2004 Chevrolet Suburban, which is manufactured by the defendant General Motors LLC ("GM").  The plaintiffs in this case are: (1) Bernard Pitterman, as administrator of the Estate of M.R.O.; (2) Bernard Pitterman, as guardian of the Estate of G.O., who is the victim's brother; and, (3) Rose O'Connor, who is the victim's mother (plaintiffs will be referred to, collectively, as "Pitterman").  James O'Connor, M.R.O.'s father, was at one time a plaintiff in this case, but is no longer.  See Doc. No. 120 at 2 n. 1.

Currently pending before the court are, inter alia, two motions in limine filed by GM, which the court will address in turn.

**II.    MOTION TO PRECLUDE EXPERT TESTIMONY BY GARY M. CRAKES, PH.D. (DOC. NO. 67)**

Pitterman has disclosed Dr. Crakes as an expert who will testify as to "the economic losses" of M.R.O. and "the life expectancy and work life expectancy" of

1

M.R.O.  See Plaintiff's Disclosure of Expert at 2 (Doc. No. 69-1) ("Crakes Disclosure").

In his report, Dr. Crakes opines that M.R.O.'s economic loss would be $1,277,000 if

M.R.O. had earned a bachelor's degree and $1,463,000 if she had earned a master's

degree.  See id. at 10.  GM seeks to preclude Dr. Crakes's testimony as unduly

speculative, because "[t]here simply is no basis for making any assumption about what

type of advanced education M.R.O. might or might not have obtained."  General Motors

LLC's Memorandum in Support of Its Motion to Exclude the Testimony of Gary M.

Crakes, Ph.D. at 3 (Doc. No. 68).

Importantly, GM does not argue that the methodology Dr. Crakes used in order to

arrive at the two dollar figures (economic loss for a female with a bachelor's degree and

economic loss for a female with a master's degree) was in any way faulty.  Indeed, if Dr.

Crakes, in his report, had omitted any reference to M.R.O. and simply opined as to the

economic loss of a generic female with a bachelor's degree and a generic female with a

master's degree, it seems to the court that GM would have no basis for contesting Dr.

Crake's testimony.  In fact, this is essentially what Dr. Crakes did – his report would not

differ materially in any way if he had omitted M.R.O.'s name.

Accordingly, Dr. Crakes will be permitted to testify as to the economic loss that,

in his estimation, a female with a bachelor's degree and a female with a master's

degree would have suffered.  The onus will then fall on Pitterman to convince the jury,

through other testimony and evidence, that M.R.O. would have earned either a

bachelor's or master's degree.

The Motion to Preclude Dr. Crakes's expert testimony is denied.

### III.   MOTION TO STRIKE / LIMIT PLAINTIFFS' EXPERT TESTIMONY (DOC. NO. 70)

In this Motion, GM seeks to strike or limit three distinct types of expert testimony offered by Pitterman.  The court will address each request separately.

A.   <u>Motion to Strike James O'Connor's Expert Disclosure</u>

James O'Connor disclosed four expert witnesses.  <u>See</u> Affidavit of Paul E.D. Darsow Ex. B at 1-2 (Doc. No. 72-2).  However, as already discussed above, James O'Connor is no longer a party to this case.  Accordingly, this portion of GM's Motion – in which GM moves to strike James's expert disclosure – is moot, and, as such, it is terminated as moot.

B.   <u>Motion to Limit Treating Physicians' and Treating Social Workers' Expert Testimony to Their Personal Knowledge / Records</u>

The plaintiffs have disclosed a number of experts without providing expert reports, as is generally required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  <u>See</u> Affidavit of Paul E.D. Darsow Ex. A at 1 (Doc. No. 72-1) ("Rose O'Connor's Expert Disclosure"); Ex. C at 2 (Doc. No. 72-3) ("M.R.O.'s Expert Disclosure"); Ex. D at 1-2 (Doc. No. 72-4) ("G.O.'s Expert Disclosure").  The court presumes from the lack of these reports that these experts are treating physicians and social workers who do not need to provide expert reports, pursuant to Rule 26(a)(2)(B). <u>See</u> <u>Barack v. American Honda Motor Co., Inc.</u>, 293 F.R.D. 106, 108 (D. Conn. 2013) (treating physician expert witness does not need to provide expert report under Rule 26(a)(2)(B)).  Nevertheless, if a party discloses an expert who does not need to provide an expert report under Rule 26(a)(2)(B), the party proffering the expert must still provide a disclosure that states "the subject matter on which the witness is expected to present

evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). If the proffering party provides a sufficient disclosure under Rule 26(a)(2)(C), then there is no need "to limit the scope of the treating physician's expert opinion to plaintiff's treatment, by excluding therefrom matters beyond plaintiff's course of treatment, i.e., information acquired from outside sources." Geary v. Fancy, 12-CV-796W(F), 2016 WL 1252768, at * 3 (W.D.N.Y. Mar. 31, 2016) (internal quotation marks omitted).

GM seeks to limit the testimony of these treating physician and social worker experts "to their personal knowledge from consultation examination, and treatment of the Plaintiff, not information obtained from outside sources." Memorandum of Defendant General Motors LLC in Support of Its Motion to Strike or Limit Plaintiffs' Expert Testimony at 2 (Doc. No. 71) ("GM's Expert Testimony Mem. in Supp."). Such a limitation would not be warranted if the plaintiffs' Rule 26(a)(2)(C) disclosures were sufficient.

However, none of the plaintiffs' 26(a)(2)(C) disclosures is sufficient. Most obviously, these disclosures do not adequately provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Accordingly, this portion of GM's Motion is granted, without prejudice. The plaintiffs will have 14 days – until May 31 2016 – to serve upon GM a new 26(a)(2)(C) disclosure for each treating expert witness, which disclosure meets the requirements of Rule 26(a)(2)(C)(i) and Rule 26(a)(2)(C)(ii). To be clear – the plaintiffs must serve upon GM a new Rule 26(a)(2)(C) disclosure for every expert they intend to call who has not

4

provided an expert report pursuant to Rule 26(a)(2)(B).  There must be a separate Rule 26(a)(2)(C) disclosure for each expert.

    C.  <u>Motion to Strike Expert Disclosures of Emergency Medical Technicians and Paramedics</u>

M.R.O. and G.O. seek to introduce various emergency medical technicians and paramedics as experts.  <u>See</u> M.R.O.'s Expert Disclosure at 1; G.O.'s Expert Disclosure at 2.  GM seeks to exclude these witnesses from testifying as experts on the basis that they are fact, not expert, witnesses.  <u>See</u> GM's Expert Testimony Mem. in Supp. at 2-3.

The insufficiency of the plaintiffs' Rule 26(a)(2)(C) disclosures for these witnesses makes it impossible for the court to determine what opinions these witnesses plan to testify to.  As a result, it is impossible for the court to say, without more information, whether these witnesses would qualify as expert witnesses.  Accordingly, this portion of GM's Motion is granted, without prejudice.  The plaintiffs, as indicated above, will have 14 days – until May 31, 2016 – to serve upon GM a new Rule 26(a)(2)(C) disclosure for every expert they intend to call who has not provided an expert report pursuant to Rule 26(a)(2)(B).  There must be a separate Rule 26(a)(2)(C) disclosure for each expert.

## V.   CONCLUSION

The Motion to Preclude Expert Testimony from Dr. Gary Crakes (Doc. No. 67) is **DENIED.**

The Motion to Strike / Limit Plaintiffs' Expert Testimony (Doc. No. 70) is **GRANTED IN PART, WITHOUT PREJUDICE, AND TERMINATED AS MOOT IN PART.**  The first portion of the Motion is **TERMINATED AS MOOT.**  The second and third portions of the Motion are **GRANTED, WITHOUT PREJUDICE.**  In accordance

with this Ruling, the plaintiffs will have 14 days – until May 31, 2016 – to serve upon GM new Rule 26(a)(2)(C) disclosures for every expert that they intend to call who has not filed an expert report.

**SO ORDERED**.

Dated at New Haven, Connecticut this 16th day of May 2016.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge