UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BERNARD PITTERMAN, et al., | : | CASE No.: 3:14cv00967 (JCH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS LLC, | : | |
| Defendant. | : | July 5, 2017 |

**DEFENDANT GENERAL MOTORS LLC'S OBJECTIONS
TO THE COURT'S PRETRIAL JURY INSTRUCTIONS**

Defendant General Motors LLC ("GM LLC") hereby formally makes and preserves these Objections to the Court's Pretrial Jury Instructions which are attached hereto as Exhibit 1:

1. The Court's Pretrial Jury Instructions describe the case as follows:

> "Maggie was crushed to death between the driver's door of the O'Connor family's Chevrolet Suburban and an 18 inch tree after the vehicle rolled backwards down the O'Connor's sloping front yard."

Pretrial Jury Instructions at 2.

GM LLC Objects that this is an incomplete and one-sided version of the facts, which unduly evokes sympathy for the death of a child, without accurately describing the circumstances of the death. GM LLC submits the following language, to which Plaintiffs had no objection, as an accurate and balanced description of the case:

> In July 2011, Maggie, then 8 years old, and her then 7-year-old brother Grant climbed into the O'Connor's family 2004 Chevrolet Suburban, which was parked on a sloped driveway. Maggie inserted and turned the key, and then shifted the vehicle out of Park and into Neutral. The Suburban rolled backwards down the driveway, and crushed Maggie between the driver's door and an 18 inch tree. Maggie died, and Grant and their mother Rose allege they suffered independent emotional injuries.

2. The Pretrial Jury Instructions also state:

> Plaintiffs also claim that GM became aware of the claimed defects and took no steps to either warn Suburban owners or to recall or retrofit the Suburban.

Pretrial Jury Instructions at 2.

GM LLC objects to this statement as contrary to Connecticut law.  Under the Connecticut Product Liability Act ("CPLA"), GM LLC is neither the "product seller" nor the "manufacturer" of the 2004 Chevrolet Suburban.  Moreover, no Connecticut common law decision has been identified in which a non-manufacturer, non-seller, non-successor was made subject to a post-sale duty to warn about a product it neither sold nor manufactured.  GM LLC also objects to this statement because Connecticut common law does not recognize claims for the failure to recall or retrofit a product and because GM LLC is neither the "product seller" nor the "manufacturer" of the 2004 Chevrolet Suburban as the CPLA defines the quoted terms.

    3.    The Pretrial Jury Instructions also state:

> Regarding plaintiffs' negligence allegations, they allege that GM breached four duties: (1) to exercise reasonable care in designing the Suburban, in the time before the initial sale; (2) to warn of danger associated with the Suburban, from the time of initial sale through June 2009; (3) to warn of danger associated with the Suburban, after June 2009; and (4) to recall or retrofit the Suburban, after June 2009.
>
> Pretrial Jury Instructions at 4.
>
> Plaintiffs' third basis for liability alleges conduct on the part of GM.  In order to prove his or her case on any negligence claim, a plaintiff must prove: (1) that the defendant was a "product seller" within the terms of the Connecticut Product Liability Act; (2) that the product was defective, in that defendant breached a duty related to that product; and (3) that this breach of duty was a proximate cause of the plaintiff's injuries.  As I have already mentioned, with regard to the second element, Plaintiffs have alleged that GM breached four different duties: (A) its duty to exercise reasonable care in designing and manufacturing the Suburban, which duty necessarily existed only until the time of the product's initial sale; (B) its post-sale duty to warn, from the time of the initial sale through June 2009; (C) its post-sale duty to warn, as to the time between June 2009 and July 2011; and (D) its post-sale duty to recall or retrofit the Suburban as to the time from June 2009 to July 2011.
>
> Pretrial Jury Instructions at 5-6.

GM LLC objects to these Instructions for the following seven reasons:

*First,* GM LLC incorporates its objection #2 into this objection.

*Second*, GM LLC objects to this entire paragraph because it makes for a fatally confusing jury instruction by requiring the Jury to find that Old GM and GM LLC are both "product sellers" and "manufacturers" of the 2004 Chevrolet Suburban. As Plaintiffs have alleged, the "product seller" or "manufacturer" of the 2004 Suburban was General Motors Corporation, now known as Motors Liquidation Company, which is now bankrupt. *See* ECF Document 239 at 3 (¶¶ 16-18). Further, any jury instruction that blends Old GM and GM LLC has the effect of making GM LLC the successor of Old GM in violation of the Sale Order and subsequent decisions of the Bankruptcy Court. Under the bankruptcy law, the Sale Order, and subsequent rulings of the bankruptcy court, GM LLC is not a successor to Old GM, and thus GM LLC cannot be the "product seller" or the "manufacturer" of the 2004 Suburban as the quoted terms are defined under the CPLA.

*Third*, although GM LLC does not dispute that it is a "product seller" or "manufacturer" under the act with respect to products that GM LLC itself has manufactured or sold, GM LLC is not a "product seller" or "manufacturer" of the 2004 Suburban at issue, and is thus not independently liable under the CPLA.

*Fourth*, the duty to recall or retrofit is not recognized under Connecticut common law. Further, Plaintiffs have neither alleged nor developed evidence of any relationship created between Plaintiff and GM LLC that would give rise to a duty by GM LLC to Plaintiff to warn about or retrofit the 2004 Suburban, let alone the breach and causation elements of such claims.

*Fifth*, GM LLC objects that, separate and apart from a jury's ability to understand warnings that are delivered at the *time of sale* of a vehicle, which the Court has ruled can be done without an expert, a jury cannot appreciate the considerations necessary to provide a *post-sale*

warning to vehicle owners without expert testimony. A human factors or warnings expert would be necessary to identify the factors a reasonable manufacturer must consider, including the relative benefits of a post-sale warning, the likelihood that a post-sale warning can alter owner behavior, and the risks of sending too many post-sale warnings. Because Plaintiffs have offered no expert or other testimony on these subjects, Plaintiffs will not be able to establish that Old GM or GM LLC breached a post-sale duty to warn, and this charge should not be presented to a jury.

*Sixth*, GM LLC is neither the "product seller" nor the "manufacturer" of the 2004 Chevrolet Suburban, and Plaintiffs have neither alleged nor developed evidence of any relationship created between Plaintiff and GM LLC that would give rise to a duty by GM LLC to Plaintiff to warn about or retrofit the 2004 Suburban, let alone the breach and causation elements of such claims.

*Seventh*, Connecticut does not recognize claims for the failure to recall or retrofit a product. GM LLC further objects that Plaintiffs' expert's opinion on retrofit was stricken, leaving Plaintiffs unable to establish that it was feasible to retrofit the vehicle after sale. *See* ECF Documents 120, 141. Plaintiffs have neither alleged nor developed other evidence of the many considerations a manufacturer must make in deciding whether, when, and how to recall or retrofit a vehicle, or of whether, when, and how those considerations would have been satisfied for the 2004 Suburban. Because Plaintiffs will not be able to establish that GM LLC breached a duty to recall or retrofit, this charge should not be presented to a jury.

    4.     The Pretrial Jury Instructions state:

> With regard to the bases for their product liability claim that relate to the product's characteristics at the time of sale, plaintiffs first assert that defendant is subject to strict liability, because the 2004 Chevrolet Suburban at issue in this case contained a design defect. In order to prevail on this claim, a plaintiff must

prove: (1) that the defendant was a "product seller" within the terms of the Connecticut Product Liability Act . . . .

Pretrial Jury Instructions at 4.

Plaintiffs' second basis for their product liability claim based on the product's characteristics at the time of sale is that the defendant is liable because it did not provide adequate warnings or instructions to advise of risks and hazards related to the product's use. To prevail on this basis, a plaintiff must prove: (1) that the defendant was a "product seller" within the terms of the Connecticut Product Liability Act . . . .

Pretrial Jury Instructions at 5.

GM LLC objects to point (1) in each of these statements as it is likely to cause confusion. GM LLC asks that point 1 be stricken from the instructions. GM LLC stipulates that General Motors Corporation ("GMC" or "Old GM") was the "product seller" and "manufacturer" of the 2004 Suburban as the CPLA defines those terms and that, under the terms of the bankruptcy Sale Order, GM LLC assumed liability for product claims against Old GM for accidents that occur on or after the closing date. Under the bankruptcy law, the Sale Order, and subsequent rulings of the bankruptcy court, GM LLC is not a successor to Old GM. GM LLC's assumption of certain Product Liabilities once held by Old GM does not make GM LLC the "product seller" or the "manufacturer" of the 2004 Suburban. GM LLC further objects that this instruction blends the distinction between Old GM and GM LLC in violation of the Bankruptcy Sale Order and subsequent decisions of the Bankruptcy Court.

Respectfully submitted,

By /s/ Kent B. Hanson
Kent B. Hanson (*pro hac vice*)
Paul E. D. Darsow (*pro hac vice*)
HANSON BOLKCOM LAW GRP, LTD.
527 Marquette Avenue, Suite 2300
Minneapolis, MN 55402
Tel: 612.342.2880; Fax: 612.642.2899
Email: khanson@hblawgroup.com
Email: paul.darsow@hblawgroup.com

Stephanie A. Douglas (*pro hac vice*)
BUSH SEYFERTH & PAIGE PLLC
3001 West Big Beaver Road, Suite 600
Troy, MI  48084
Tel:  248.822.7806; Fax:  248.822.7806
E-mail:  douglas@bsplaw.com

and

Mark J. Claflin, (ct06218)
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1121
Tel: 860.249.1361; Fax: 860.249.7665
Juris No.:  28228
Email:  mclaflin@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing document was filed electronically to the following counsel of record this 5th day of July, 2017. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Robert B. Adelman
radelman@ahctriallaw.com
Joram Hirsch
JHirsch@ahctriallaw.com
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport CT 06604

                                                    /s/ Kent B. Hanson
                                                    Kent B. Hanson
                                                    Paul E. D. Darsow